**UNITED STATES of America**

v.

**Sean Ryan FOWLER, Defendant.**

**No. 2:94cv1298.**

United States District Court, E.D. Virginia, Norfolk Division.

March 21, 1995.

**576**

Kevin M. Comstock, Asst. U.S. Atty., Norfolk, VA, for U.S.

Sean Ryan Fowler, Petersburg, VA, pro se defendant.

## MEMORANDUM OPINION AND FINAL ORDER

REBECCA BEACH SMITH, District Judge.

### I. Procedural History

On September 21, 1993, Sean Ryan Fowler pled guilty to one count of possession of cocaine base under 21 U.S.C. § 844. On December 2, 1993, the Court sentenced him, in accordance with Federal Sentencing Guidelines, to eighty-seven months to be followed by a period of two years supervised release. Defendant Fowler did not appeal his sentence. On December 29, 1994, Defendant Fowler filed a motion to vacate, set aside, or correct his conviction under 28 U.S.C. § 2255. Specifically, in support of his section 2255 motion, Defendant Fowler alleges that the federal government lacked jurisdiction to prosecute, convict, or sentence him for possession of cocaine base. The Government responded to Defendant Fowler's section 2255 motion on January 25, 1994.

### II. Standard of Review

■ Defendant proceeds under 28 U.S.C. § 2255, which provides, "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground ... that the court was without jurisdiction to impose such sentence ... may move the court which imposed the sentence to vacate, set aside or correct the sentence." In deciding a section 2255 motion, the court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief. ..." 28 U.S.C. § 2255. Further, if the motion is brought before the sentencing judge, the judge may rely on recollections of previous events to dismiss the motion. *Blackledge v. Allison*, 431 U.S. 63, 74 n. 4, 97 S.Ct. 1621, 1629 n. 4, 52 L.Ed.2d 136 (1977). Accordingly, this Court finds no hearing necessary and addresses Defendant's section 2255 motion.

### III. Analysis

Defendant Fowler complains that the United States had no jurisdiction to prosecute, convict, or sentence him for possession of cocaine base. Specifically, Defendant claims that the United States "has no territorial jurisdiction over non-federally owned areas inside the jurisdiction boundaries of the States within the American Union." A liberal reading of Defendant's *pro se* complaint indicates that Defendant has really contested the federal district court's jurisdiction over a crime involving the wholly intrastate possession of cocaine base.

The Fourth Circuit has held that, "the statutory definition and proscription of transactions of 'controlled substances,' 21 U.S.C. § 812(b), entirely within a state is altogether constitutional." *United States v. Atkinson*, 513 F.2d 38 (4th Cir.1975) (citing *United States v. Lopez*, 459 F.2d 949 (5th Cir.), *cert. denied*, *Llerena v. United States*, 409 U.S. 878, 93 S.Ct. 130, 34 L.Ed.2d 131 (1972)). *Atkinson* involved a challenge to the constitutionality of the Comprehensive Drug Abuse Prevention and Control Act of 1970 (the "Act") based on the fact that the wholly intrastate possession of a heroin, a controlled substance, did not affect interstate com-

merce. 513 F.2d at 39–40. The Fourth Circuit stated, "Congressional findings on which the [Act] rested disclosed that intrastate possession, distribution and sale of drugs such as heroin directly and injuriously effected the introduction of them into other States to the injury of the public health and welfare. 21 U.S.C. §§ 801, 812." *Atkinson,* 513 F.2d at 40.

Defendant Fowler's case differs slightly from *Atkinson* because Fowler's conviction involved cocaine base instead of heroin and because Fowler's conviction involved the mere possession of a controlled substance rather than the possession of a controlled substance with the intent to distribute.[1] The Court examines whether these distinctions prevent it from applying the holding in *Atkinson* to Fowler's case.

■ Specifically, Defendant Fowler pled guilty to possession of cocaine base[2] under 21 U.S.C. § 844.[3] The Fourth Circuit has not made a specific finding as to whether the intrastate possession of cocaine base invokes the Commerce Clause, Const. Art. I, § 8, cl. 3. However, such a specific finding that cocaine base affects interstate commerce is not required for the federal government to assert jurisdiction over Plaintiff's claim. *See United States v. Davis,* 561 F.2d 1014, 1019 (D.C.Cir.), *cert. denied,* 434 U.S. 929, 98 S.Ct. 416, 54 L.Ed.2d 290 (1977). In *Davis,* the District of Columbia Circuit ruled that "the Commerce Clause empowers Congress to regulate broad classes of activities which are found to have a substantial impact on interstate commerce." 561 F.2d at 1019 (citing *Perez v. United States,* 402 U.S. 146, 152–54, 91 S.Ct. 1357, 1360–62, 28 L.Ed.2d 686 (1971)) (other citations omitted). Therefore, the fact that *Atkinson* involved another controlled substance does not prevent this Court from applying the *Atkinson* holding to the case at bar. 513 F.2d at 40.

■ This Court also addresses whether the possession of a controlled substance unaccompanied by the intent to distribute implicates the Commerce Clause. *See Atkinson,* 513 F.2d at 40. Congress possesses the power to regulate wholly intrastate activities which have an effect upon interstate commerce. *See, e.g., Wickard v. Filburn,* 317 U.S. 111, 125, 63 S.Ct. 82, 89, 87 L.Ed. 122 (1942) (marketing penalty on local wheat crop imposed under the Agricultural Adjustment Act of 1938 constitutional under the Commerce Clause); *United States v. Darby,* 312 U.S. 100, 119–121, 61 S.Ct. 451, 459–461, 85 L.Ed. 609 (1941) (wage and hour requirements under the Fair Labor Standards Act of 1938 legitimate extension of Congressional power under the Commerce Clause). Congress has also explicitly declared that the intrastate possession of a controlled substance, in this case, cocaine base, affects interstate commerce.[4] 21 U.S.C. § 801(3), (4). These Congressional findings allow the Court to extend the Fourth Circuit's ruling in *Atkinson* to the facts of Defendant's case. 513 F.2d at 38.

## IV. Conclusion

Because the possession of cocaine base affects interstate commerce, the Court had

---

1. In fact, one of the *Atkinson* defendants was convicted on a simple possession count, and the Fourth Circuit upheld his conviction. 513 F.2d at 38. However because the *Atkinson* opinion does not mention that one of the defendants violated 21 U.S.C. § 844, the Court has discussed whether *Atkinson* applies to the facts of the case at bar. *Cf.* 513 F.2d at 38.

2. Cocaine is listed among the controlled substances in the challenged statute, and Congress has classified it as a schedule II narcotic controlled substance. 21 U.S.C. § 812(c)(II)(a)(4).

3. The indictment charged Defendant with possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1) and (b); however, Defendant pled guilty to the lesser included offense of possession of a controlled substance under 21 U.S.C. § 844. Under *Atkinson,* the Court clearly has jurisdiction over the count alleged in Plaintiff's indictment; therefore, Defendant cannot argue that the Court lacked jurisdiction to prosecute him for possession under 21 U.S.C. § 844. *See Atkinson,* 513 F.2d at 38.

4. Plaintiff complains that "section 801, the preamble, cannot extend the application of 21 U.S.C. section 841 and 844 beyond the territorial jurisdiction of the federal government without violation of the Defendant's Fifth Amendment rights." Compl. ¶ B; *see Jurgensen v. Fairfax County,* 745 F.2d 868, 885 (4th Cir.1984). Because the Fourth Circuit has specifically upheld the findings contained in 21 U.S.C. section 801, Plaintiff's argument is without merit. *See Atkinson,* 513 F.2d at 40.

578

jurisdiction to prosecute, convict, and sentence Defendant. Fourth Circuit precedent, as stated in *United States v. Atkinson*, compels this Court to reach that conclusion. 513 F.2d at 38. Consequently, the Court DENIES Defendant's section 2255 motion.

Defendant is advised that he may appeal from this Memorandum Opinion and Final Order by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510. The written notice of appeal must be received by the Clerk within thirty (30) days of the date of this Memorandum Opinion and Final Order and may be filed without the prepayment of costs or the giving of security therefore. R. 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts; Fed.R.App.P. 4(a).

IT IS SO ORDERED.